IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DERRICK E. ELLIS, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:09-00554 |
| | ) JUDGE TRAUGER/KNOWLES |
| JACQUELINE A BURR, WENDY J. DAVIS, MICHELLE WAYNICK, SUDDEN SERVICE, individually, DETECTIVE DAVID JOYCE, OFFICER KYLE REEVES, OFFICER EDDIE STEWARD, D.A. JOEL PERRY, D.A. DENTIN MORRIS, 19TH JUDICIAL DISTRICT ATTORNEY'S OFFICE, SPRINGFIELD POLICE DEPARTMENT, CITY OF SPRINGFIELD, ROBERTSON COUNTY TIMES NEWSPAPER, ROBERTSON COUNTY SHERIFF'S OFFICE, and ROBERTSON COUNTY, individually and in their official capacities, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon three Motions to Dismiss: one filed by Defendants Office of the District Attorney General for the 19th Judicial District, Assistant District Attorney General Perry, and Assistant District Attorney General Morris (Docket No. 26); one filed by Defendants Robertson County Sheriff's Office and Robertson County (Docket No. 37); and one filed by Defendants Springfield Police Department, City of Springfield, Detective David Joyce, Officer Kyle Reeves, and Officer Eddie Stewart (Docket No. 41). Defendants have contemporaneously filed supporting Memoranda of Law. Docket Nos. 27, 38, and 42.

1

Plaintiff filed this pro se, in forma pauperis, action pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. As pertains to the Defendants who have filed the pending Motions, Plaintiff alleges that: (1) Defendant Reeves responded to a call at a home where Plaintiff had previously resided and charged Plaintiff with aggravated burglary despite "no evidence"; (2) Defendant Stewart responded to a call at that same residence and charged Plaintiff with "aggravated burglary" despite "no evidence"; (3) Defendant Joyce responded to a robbery call wherein the Plaintiff allegedly stole a duffle bag containing $6564.82 and charged Plaintiff with robbery despite "no evidence"; (4) Defendant Joyce left "accusatory and threatening messages" on Plaintiff's voice mail; (5) Defendant Robertson County Sheriff's Office raided the home of Plaintiff's parents "several times knowing that the Plaintiff didn't reside there"; (6) members of Defendant Robertson County Sheriff's Office arrested Plaintiff for one count of robbery, two counts of aggravated burglary, two counts of assault, one count of theft over $500, and one count of violation of probation; (7) Defendant Perry was the prosecutor in Plaintiff's case in General Sessions Court; (8) Defendant Perry would not negotiate a plea deal for Plaintiff; and (9) Defendant Perry "call[ed] Plaintiff profanities." *Id.* Plaintiff also avers that, "Defendants City of Springfield, Robertson County, and the Springfield Police Department permit these policies which allow these injustices"and "Defendant 19th Judicial District Attorney's Office pursued prosecution based completely on hearsay and the insufficient investigations of the officers in question." *Id.* Plaintiff seeks "an amount sufficient to compensate him for the injustice and mental anguish [he] suffered due to the intentional misconduct and deliberate indifference of defendants but in no event less than $10,000,000.00 and such additional relief [as] the Court may deem proper." *Id.*

Plaintiff has not responded to any of Defendants' Motions to Dismiss.

Local Rule 7.01(b) states, in pertinent part,

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than fourteen (14) days after service of the motion.... Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendants filed their Motions to Dismiss on September 9, 2009, September 18, 2009, and October 14, 2009. Docket Nos. 26, 37, and 41. Plaintiff has failed to respond to any of the instant Motions. Pursuant to Local Rule 7.01(b), Plaintiff's "failure to file a timely response shall indicate that there is no opposition to the motion." Accordingly, because Defendants' Motions are unopposed, the undersigned recommends that Defendants' Motions to Dismiss be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

3

Case 3:09-cv-00554   Document 44   Filed 02/19/10   Page 3 of 3 PageID #: 192