# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

DERRICK E. ELLIS,                      )
                                       )
                    Plaintiff,         )
                                       )
                                       )
vs.                                    )        CASE NO. 3:09-0554
                                       )        JUDGE TRAUGER/KNOWLES
                                       )
                                       )        JURY DEMAND
                                       )
JACQUELINE A. BURR, et. al.,           )
                                       )
                    Defendants.        )

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Dismiss" (Docket No. 28) and an

"Amended Motion to Dismiss" (Docket No. 35) filed by Defendant The *Robertson County*

*Times*.  Docket No. 28.  Defendant has filed  supporting Memoranda (Docket Nos. 29, 36).  In

the initial Motion to Dismiss, Defendant argued that Plaintiff had failed to state a claim upon

which relief could be granted and that his claims were barred by the applicable statute of

limitations.  Docket No. 28.  In the Amended Motion to Dismiss, Defendant relies solely upon

the failure to state a claim argument, striking the statute of limitations argument.  Docket No. 35.

The Court, therefore, will not address any possible statute of limitations defense.

Plaintiff has failed to respond to the instant Motion.

This a pro se action filed by an inmate confined at the Montgomery County Jail.  Plaintiff

has raised claims under 42 U.S.C. § 1983, pertaining to incidents that allegedly occurred when

he was a resident of Springfield, Tennessee.  Plaintiff's Complaint raises claims against all

Defendants for: slander, defamation, "misconduct and fabricating evidence," false arrest, and wrongful imprisonment. Docket No. 1, p. 4. Plaintiff essentially alleges that he and Defendant Burr, who had resided together, had an altercation "which resulted in Plaintiff temporarily leaving the residence." Plaintiff avers that, when he returned, he found that Defendant Burr had thrown away his personal belongings, except for a black duffel bag. Plaintiff avers that he took his duffel bag and left the residence, whereupon Defendant Burr called the police and advised them that Plaintiff had entered her home through an unlocked window and had stolen her purse. One of the Defendants, Officer Kyle Reeves, charged Plaintiff with aggravated burglary.

Approximately a week later, Defendant Burr again called the police, reporting that Plaintiff had climbed through a window and had waited to assault her when she got home. Defendant Burr also claimed that Plaintiff had stabbed her with an unknown object and choked her, and Defendant Officer Eddie Stewart charged Plaintiff with aggravated burglary.

Several days later, Defendant Davis informed the police that Plaintiff had robbed her of a money bag containing $6,564.82, which belonged to Defendant Sudden Service. Defendant was subsequently charged with robbery.

Several months later, Plaintiff's case was presented to a Grand Jury and a true bill was obtained, despite the fact that there was "no evidence."

Plaintiff's only allegations with regard to the *Robertson County Times* are as follows:

> 17. Defendant Robertson County Times Newspaper is, and was at
> all times relevant hereto a domestic corporation in the County of
> Robertson.
> . . .
>
> 36. On 7/2/08 Defendant Robertson County Times Newspaper
> printed a story along with two photos of Plaintiff. The article
> discussed Plaintiff robbing Sudden Service and being wanted for

2

an unrelated Agg. Burglary.

Docket No. 1, p. 3,6.

As Defendant correctly argues in the instant Motion, Plaintiff's Complaint fails to state a

claim upon which relief can be granted against it.  The United States Supreme Court has recently

addressed the appropriate standard that must be applied in considering a Motion to Dismiss for

failure to state a claim.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, L. Ed. 2d 868 (2009).  The *Iqbal*

Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*.  First,
> the tenet that a court must accept as true all of the allegations
> contained in a complaint is inapplicable to legal conclusions.
> Threadbare recitals of the elements of the cause of action,
> supported by mere conclusory statements, do not suffice . . . . Rule
> 8 marks a notable and generous departure from the hyper-
> technical, code-pleading regime of a prior error, but it does not
> unlock the doors of discovery for plaintiff armed with nothing
> more than conclusions.  Second, only a complaint that states a
> plausible claim for relief survives a motion to dismiss . . . .
> Determining whether a complaint states a plausible claim for relief
> will, as the Court of Appeals observed, be a context-specific task
> that requires the reviewing court to draw on its judicial experience
> and common sense. . . . But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged - but it has not "show[n]" -
> "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

To the extent that Plaintiff, who is a private person, attempts to state a claim for

defamation against Defendant, he must allege and prove that Defendant published false and

defamatory statements of fact and that Defendant was negligent in doing so.  *Pate v. Service*

*Merchandise,* 959 S.W.2d 569 (Tenn. Ct. App. 1997).  Plaintiff's Complaint alleges only that

Defendant published a story that discussed the charges.  Plaintiff does not allege that Defendant

3

was negligent or that the published report was false.

Moreover, Plaintiff has presented no facts to show that Defendant *Robertson County Times* was acting under the color of state law, as § 1983 requires, nor does he allege that Defendant acted in concert with any state actors. Plaintiff's statement that all Defendants "acted under color of law to deprive Plaintiff of his civil rights," is a legal conclusion that is not supported by any facts.

Finally, even if he had alleged sufficient facts, Plaintiff cannot state a claim for defamation under § 1983. *Paul v. Davis*, 424 U.S. 693 (1976).

For the foregoing reasons, the instant Motions (Docket Nos. 28, 35) should be GRANTED, and Plaintiff's claims against Defendant The *Robertson County Times* should be DISMISSED WITH PREJUDICE.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

---

[1]     A dismissal for failure to state a claim upon which relief can be granted is a dismissal on the merits. *See Federated Dept. Stores, Inc., v. Moitie,* 452 U.S. 394, 399 n.3. (1981); *Pratt v. Ventas, Inc.,* 365 F.3d 514, 522 (6th Cir. 2004).

_____
E. Clifton Knowles
United States Magistrate Judge

5