IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DERRICK E. ELLIS, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:09-00554 |
| | ) JUDGE TRAUGER/KNOWLES |
| JACQUELINE A BURR, WENDY J. DAVIS, MICHELLE WAYNICK, SUDDEN SERVICE, individually, DETECTIVE DAVID JOYCE, OFFICER KYLE REEVES, OFFICER EDDIE STEWARD, D.A. JOEL PERRY, D.A. DENTIN MORRIS, 19TH JUDICIAL DISTRICT ATTORNEY'S OFFICE, SPRINGFIELD POLICE DEPARTMENT, CITY OF SPRINGFIELD, ROBERTSON COUNTY TIMES NEWSPAPER, ROBERTSON COUNTY SHERIFF'S OFFICE, and ROBERTSON COUNTY, individually and in their official capacities, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Presently pending before this Court are two Motions For Summary Judgment filed by Defendants Michelle Waynick and Hollingsworth Oil Company d/b/a Sudden Service.[1] Docket Nos. 71, 83. Along with their first Motion For Summary Judgment, Defendants have contemporaneously a supporting Memorandum of Law, a Statement of Undisputed Facts, the

---

[1] Defendants Waynick and Hollingsworth Oil are the only remaining Defendants in this action, as all other Defendants were terminated as parties in previous Orders. Docket Nos. 52, 53, 70.

1

Deposition of Wendy Reveyoso (previously known as Wendy Davis), and Defendant Waynick's Affidavit. Docket Nos. 73-76. Defendants have, along with their second Motion For Summary Judgment, contemporaneously submitted a supporting Memorandum of Law with Exhibits, and a Statement of Undisputed Facts.[2] Docket Nos. 83, 85. Defendants argue that they are entitled to Summary Judgment because Plaintiff cannot sustain any claim against them since: 1) they did not institute any criminal proceedings against Plaintiff; 2) they did not do anything to cause Plaintiff's criminal prosecution to be continued; 3) they are not responsible for any false statements made by Wendy Davis to the police as Ms. Davis was not acting in the course and scope of her employment with Defendant Hollingsworth Oil Company; and 4) the Springfield Police Department decided to institute a criminal prosecution against Plaintiff without Defendant Hollingsworth Oil Company making any such request.

Plaintiff has not responded to either Motion or Statement of Undisputed Facts. Plaintiff has additionally failed to respond to Defendants' Requests for Admissions and Interrogatories.

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.** Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendants filed the pending Motions on September 16, 2010 and December 10, 2010

---

[2] Defendants' Second Motion for Summary Judgment incorporates the arguments of their original Motion for Summary Judgment, but includes the additional argument that Plaintiff's failure to respond to their Requests for Admissions means that they are deemed admitted, thereby rendering no issues disputed in this case.

respectively. Docket Nos. 71, 83. Plaintiff has failed to respond to either of Defendants' Motions.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. ...
>
> . . .
>
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to either of Defendants' Statements of Undisputed Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

Plaintiff filed this pro se, in forma pauperis, action pursuant to 42 U.S.C. § 1983, pertaining to incidents that allegedly occurred when he was a resident of Springfield, Tennessee. *See* Docket No. 1. Plaintiff's Complaint also avers that Defendants are liable to him for slander, defamation, "misconduct and fabricating evidence," false arrest, and wrongful imprisonment. *Id.*

A brief explanation of some background information will be helpful to an understanding of this matter. Ms. Davis managed the Hollingsworth Oil store located off Highway 49 and

Central Avenue in Springfield, Tennessee. On June 6, 2008, Ms. Davis called the police and reported that Plaintiff had stolen money from the store that she was taking to the bank to deposit. Ms. Davis initially told the police that Plaintiff had flagged her down while she was traveling in her car to the bank to deposit the store's receipts. She reported that Plaintiff had reached into the backseat of her car and grabbed the deposit bag from the rear floorboard. Plaintiff and Ms. Davis were acquainted with each other prior to the incident in question. Defendant Waynick was Ms. Davis' immediate supervisor. Defendant Hollingsworth Oil employed both Ms. Davis and Ms. Waynick.

The allegations of Plaintiff's Complaint as they pertain to Defendant Waynick, in their entirety, are as follows:

> 31. Defendant Waynick then showed Defendant Joyce a video from the store which showed Plaintiff being in the store interacting with Defendant Davis but doing nothing wrong. Defendant Waynick was listed as a complainant / witness although there was no evidence to prove Plaintiff had any part in a robbery.

Docket No. 1.

Defendant Waynick's actions in showing the video surveillance footage from the store to a police officer did not violate any of Plaintiff's rights. Additionally, Plaintiff cannot state a claim against Defendant Waynick simply because she was "listed as a complainant / witness." Under the facts alleged by Plaintiff in his Complaint, Defendant Waynick cannot be liable to Plaintiff under any of the grounds he asserts.

Furthermore, Plaintiff's Complaint contains no allegations against Defendant Hollingsworth Oil Company whatsoever. Absent any allegations against it, Defendant Hollingsworth Oil Company simply cannot be liable to Plaintiff on any of the grounds he asserts.

To the extent that Plaintiff may be attempting to sue Defendant Waynick because she was

the immediate supervisor of Ms. Davis, and Defendant Hollingsworth Oil Company because it was the employer of Ms. Davis, Plaintiff does not allege that Ms. Davis was acting in the course and scope of her employment or that either Defendant instructed Ms. Davis to give allegedly false statements to the police implicating Plaintiff in any crime. Absent any such nexus, neither Defendant Waynick nor Defendant Hollingsworth Oil Company can be held liable.

For the foregoing reasons, Plaintiff cannot sustain his claims against Defendants Waynick or Hollingsworth Oil Company, and they are entitled to a judgment as a matter of law. The undersigned therefore recommends that Defendants' first Motion For Summary Judgment be GRANTED, and that their second Motion For Summary Judgment be DENIED AS MOOT.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. CLIFTON KNOWLES
United States Magistrate Judge